PEOPLE, PLAINTIFF AND APPELLEE, *v.* C. FERNÁNDEZ & Co., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Internal Revenue Law.

No. 1737.—Decided June 6, 1921.

INTERNAL REVENUE—INFORMATION.—When a law defines and penalizes offenses an information for a violation of the said law is insufficient if instead of stating the acts which constitute the commission of any of the offenses defined and penalized it only makes a general reference to the law.

ID.—ID.—ALCOHOLIC BEVERAGES.—The fact that the Treasury Department finds that a certain bay rum which was prepared according to a formula formerly approved by the said department according to law contains too much alcohol and is contrary to section 5 of Title I of Act No. 55 of 1919, is no reason for charging the manufacturers of it with the commission of an offense, unless the Government alleges and proves that the manufacturers made the said preparation for the purpose of indirectly furnishing to the public an alcoholic beverage.

The facts are stated in the opinion.

*Mr. C. Coll Cuchí* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants, C. Fernández & Co., were charged with a violation of law as follows:

"The *fiscal* charges C. Fernández & Co. with a violation of the Excise Tax Law of Porto Rico of June 15, 1919, a misdemeanor, in that prior to the filing of this information and in the ward of Santurce of the municipality of San Juan of the judicial district of the same name, the said C. Fernández & Co. manufactured a liquid known as 'Alcoholado Iris' for industrial purposes, which concoction both by its taste and smell may be considered and used as a beverage, without paying the tax of $1 a liter or fraction of a liter on the said liquid so manufactured, such act being contrary to the law in such case made and provided and to the peace and dignity of The People of Porto Rico."

Defendants were tried on an agreed statement of facts and sentenced to pay $100 fine and the costs.

This is another one of the many cases where the appellants have not presented a separate assignment of errors. The assignment of the errors is like a pleading and an index of the matters alleged on appeal and is almost indispensable for the rapid despatch of business. In every brief there should first be set out a statement of the case, then an assignment of errors in which all the errors to be alleged should be mentioned; afterwards they should be discussed separately, as was done in this case. Nevertheless, we find the errors fundamental and we shall consider them. The first error is that the complaint does not state a crime. We agree with the appellants that there is no concrete case of violation of law set out in the information, but only a general reference to one of the excise laws, namely, No. 55 of June 15, 1919. In the reference made by the appellants to the case of *People* v. *Borque*, 25 P. R. R. 553, 554, the court said:

"The complaint did not charge the defendant with any specific violation of law. Nor did it follow the wording of the statute. Section 12 of Act No. 75 of 1916, alleged to have been violated, contains eight subdivisions. The first is general and the others refer to specific cases. In a complaint laid under this section it is not

sufficient to allege that the chauffeur 'did not take the proper precautions in the operation of said car to insure the safety of lives and property;' but it is necessary to specify also that the chauffeur committed some act in violation of one or more of the several specific provisions contained in the said section."

The necessity of such specific averments will be brought out by the consideration of the second error wherein the appellants allege that there was no proof of guilt. The information was insufficient.

The concrete statement of facts in this case is as follows:

"Come now The People of Porto Rico, represented by the District Attorney of the one part, and C. Fernández & Co., Ltd., represented by their attorney C. Coll y Cuchí of the other part, and stipulate before this court that the facts hereinafter set forth are the facts that truly and actually occurred and gave rise to the information filed herein and that the said facts shall have all the force and effect as to them of findings of fact made during the course of an oral and public trial, and upon the basis of such stipulation they submit to the jurisdiction of this honorable court the guilt of said firm for the violation of the Excise Tax Law of Porto Rico.— 1. That the firm of C. Fernández & Co. was duly organized under the Laws of Porto Rico by instrument No. 52 executed before Notary Enrique Lefebre in San Juan, Porto Rico, on October 16, 1919, its managing partner being Cándido Fernández and its special partners Enrique Rincón Pluma and Artemio Figueroa Hernández, and that José E. Benedicto has been the Treasurer of Porto Rico from June 27, 1919, to the date of the filing of this stipulation.—2. That in accordance with the law passed by the Legislative Assembly of Porto Rico on June 15, 1919, numbered 55 of that year and known as the Excise Tax Law of Porto Rico, C. Fernández & Co., Ltd., applied to José E. Benedicto, as Treasurer of Porto Rico, for the proper permit or license to carry on the business of the manufacture of perfumery, and after filing the required bond in favor of the Treasurer of Porto Rico they were authorized by communication of June 27, 1919, to obtain the necessary license from the Collector of Internal Revenue of San Juan.—3. That pursuant to said communication the firm of C. Fernández & Co., Ltd., applied to the collector of internal revenue for a license to manufacture perfumery with best quality alcohol and paid the internal-revenue duties by affixing

to said license certificate a stamp for $50 which was duly cancelled.—
4. That pursuant to section 33 of the Regulations promulgated under the Prohibition Law, Circular No. 936 of the Treasury Department of Porto Rico, C. Fernández & Co., Ltd., among others, submitted to the consideration of the Treasury Department of Porto Rico an alcoholic formula of a liquid to be known as 'Alcoholado Iris' applying for permission to manufacture the same, always provided that such alcoholic formula conformed to the requirements of law; and after an examination of the said formula had been made by the Treasury Department of Porto Rico and by the Department of Sanitation, C. Fernández & Co., Ltd., received an official communication on October 17, 1919, authorizing them to manufatcure the said 'Alcoholado Iris' according to said formula, which had been approved by the said Treasury Department.—5. That pursuant to instructions of the Treasury Department, C. Fernández & Co., Ltd., purchased three special books sold by the said Treasury Department for recording the alcohol received and issued as well as the form and manner in which the different kinds of perfumery were prepared, in keeping with the instructions of the Treasury Department of Porto Rico; and that C. Fernández & Co., Ltd., never manufactured any perfumery, more particularly under the formula 'Alcoholado Iris,' except in the presence of an internal-revenue agent, who in each and every case satisfied himself that the said rectified spirits had been prepared in strict accordance with the formula approved by the Treasury Department and in rigorous compliance with the Excise Tax Act and Regulations.—6. That on or about December 9, 1919, the Treasurer of Porto Rico by means of his agents ordered the confiscation or seizure of all the 'Alcoholado Iris' stored and owned by the firm of C. Fernández & Co., Ltd., and the said liquid was seized without notifying C. Fernández & Co., Ltd., the reason for such confiscation or seizure of a perfumery which had been prepared according to a formula previously sanctioned by the Treasury Department of Porto Rico.—7. That immediately after the seizure of the said property of C. Fernández & Co., Ltd., which was effected without any process whatsoever of law, José E. Benedicto, Treasurer of Porto Rico, ordered his internal-revenue agents to report at the offices of C. Fernández & Co., Ltd., and spread the following notation on the license certificate, namely, 'Cancelled in this city by order of the Treasurer of Porto Rico, 12/9/19.—J. Martínez Chapel, Internal Revenue Agent.' That the

said internal-revenue agent notified the managing partner of the firm that its license was revoked and warned him to abstain from the manufacture of more perfumery in keeping with the order of the Treasurer, thus preventing the firm from conducting a business it had lawfully established under and by virtue of the Laws of Porto Rico after paying the taxes imposed and complying with all other legal requirements. On the said ninth day of December, C. Fernández & Co., Ltd., received a communication from the Treasurer of Porto Rico to the effect that inasmuch as it had received a certain supply of alcohol on which it had paid the tax of fifty cents prescribed by the Excise Tax Law with the object of making perfumery, and it having resulted that the alcoholic concoction known as 'Iris' prepared from said alcohol, failed to conform to the provisions of section 5, title 1, of the said Act, the internal-revenue license issued to the firm of C. Fernández & Co., Ltd., by the Treasury Department on October 6, 1919, for the preparation of perfumery with alcohol, had been cancelled.—8. That said C. Fernández & Co., Ltd., have manufactured said 'Alcoholado Iris' as such and as perfumery only after submitting a formula to the Treasury Department of Porto Rico and obtaining therefrom the sanction of said Department for the production of said alcoholic liquid; that said formula was submitted to the Treasury Department on October 17, 1919, and the inspected alcohol to which said communication refers, on November 5, 1919, and on other subsequent dates, or a considerable time after the Treasury Department had sanctioned the manufacture of the 'Alcoholado Iris' as an article of perfumery and after the Treasury Department knew that said alcohol was to be used for that purpose, not only because of the foregoing, but because an internal-revenue agent in the employ of the Treasury Department personally intervened in each and every act of preparation of the said 'Alcoholado Iris' under the said formula."

The district attorney says that although all these things were done with the concurrence of the Treasury Department, yet that the appellants were guilty of having made an extract which by its odor and taste could be considered and used as a drink. It is not alleged or shown that their object in putting this hair tonic on the market was under the guise of a toilet article to give the public an alcoholic drink. The fact that the Department subsequently found that it was such

an alcoholic drink and contained too much alcohol was probably within the discretionary powers of the Treasury Department of Porto Rico, but that is no reason for charging the apellants with a crime, unless the Government proposes to show that the defendants made this preparation for the purpose of giving the public indirectly an alcoholic drink, as such. Hence, no crime was proved.

The judgment must be reversed and the defendants discharged.

*Reversed.*

Justice Del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.